**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 14, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

DELANO MEDINA,

    Petitioner - Appellant,

v.

JENNIFER HANSEN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 26-1172
(D.C. No. 1:24-CV-02524-PAB)
(D. Colo.)

———————————————

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

———————————————

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.

———————————————

Delano Medina filed a pro se habeas petition under 28 U.S.C. § 2254, which the district court denied. Mr. Medina then filed a series of post-judgment motions, including two motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the district court also denied. As relevant to this appeal, the district court denied Mr. Medina's second Rule 59(e) motion as untimely. Mr. Medina now seeks a certificate of appealability ("COA") to appeal from the denial of his second Rule 59(e) motion.

———

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Because Mr. Medina has failed to show that the district court's timeliness ruling is reasonably debatable, we deny the application for a COA and dismiss this matter.

## I.     BACKGROUND

Following a jury trial in Colorado state court, Mr. Medina was convicted of two counts of felony menacing, one count of attempted assault in the first degree, one count of possession of a firearm by a prohibited person, and seven habitual criminal counts. The Colorado court adjudged Mr. Medina a habitual criminal and sentenced him to forty-four years' imprisonment.

Mr. Medina later filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Colorado convictions. Two of his claims—one for constructive denial of counsel and one for ineffective assistance of counsel—proceeded to the merits. As relevant to this appeal, part of Mr. Medina's ineffective assistance of counsel claim involved an allegation that his trial counsel failed to communicate a favorable plea offer. The district court denied this claim, concluding that Mr. Medina had not pointed to record evidence showing that any plea offer was made.

After the district court denied the petition, Mr. Medina filed an application for a COA to appeal the district court's order.[1] He also filed an initial series of post-judgment motions, including a motion to amend the judgment under Federal Rule of Civil

---

[1] Applications for a COA may be "accepted . . . as the functional equivalent of a notice of appeal" where it gives the notice required by Federal Rule of Appellate Procedure 3(c). *Arps v. Cormack*, 170 F. App'x 27, 28 (10th Cir. 2006) (unpublished); *see also Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007) (treating an application for a COA as the "functional equivalent" of a notice of appeal).

Procedure 59(e) and a motion for relief from the judgment under Rule 60(b). Both motions pointed to statements from record transcripts suggesting that the prosecution had made a ten-year plea offer to Mr. Medina.

The district court denied each of the post-judgment motions and denied Mr. Medina's request for a COA. The court concluded that Mr. Medina's claim alleging that the prosecution had made a ten-year plea offer was different from the claim alleging a five-year plea agreement in his original § 2254 petition. Determining that Mr. Medina had never alleged a ten-year plea offer before the state court, the court thus denied the claim as one that was unexhausted. Mr. Medina filed a notice of appeal from the denial of his post-judgment motions. The appeals from the denial of Mr. Medina's § 2254 petition and initial post-judgment motions remain pending. We recently granted Mr. Medina a COA and appointed counsel to represent him in those appeals.

However, in addition to initiating the above-mentioned appeals, Mr. Medina filed a second set of post-judgment motions with the district court. As relevant here, Mr. Medina filed a second motion to amend the judgment under Rule 59(e).[2] Mr. Medina contended that the district court, in denying his first Rule 59(e) motion, misunderstood the nature of his arguments. Specifically, he claimed that his § 2254 petition had always alleged the existence of multiple plea offers, none of which were timely communicated to him. These, he asserts, included both five-year and ten-year plea offers.

---

[2] Mr. Medina also filed a motion for sanctions under Federal Rule of Civil Procedure 11, which was denied in the same order disposing of his second Rule 59(e) motion. However, Mr. Medina's brief on appeal does not contest the district court's denial of sanctions.

The district court denied the Rule 59(e) motion as untimely, concluding that it was filed outside of the twenty-eight-day deadline for filing Rule 59(e) motions. Mr. Medina again filed a notice of appeal, and the district court denied Mr. Medina a certificate of appealability. The denial of the second Rule 59(e) motion is the subject of this appeal.

## II.    DISCUSSION

A COA is generally a jurisdictional prerequisite to our review of an issue decided in a § 2254 proceeding. 28 U.S.C. § 2253(c)(1)(A). However, not all appeals from matters decided in § 2254 proceedings require a COA. The Supreme Court explained that § 2253(c)(1)(A), the provision requiring a COA, "governs final orders that dispose of the merits of a habeas corpus proceeding." *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

The "COA requirement applies to appeals from orders resolving motions under Rule[ ] 59(e)" that challenge the district court's resolution of the merits of a habeas claim. *See United States v. Gantt*, 762 F. App'x 566, 568 (10th Cir. 2019) (unpublished) ;[3] *see also Thompson v. Benzon*, No. 21-4114, 2022 WL 3041099, at *1–2 (10th Cir. Aug. 2, 2022) (unpublished) (requiring a COA to appeal from the denial of a Rule 59(e) motion "rearguing the merits of the district court's procedural default ruling"); *Jackson v. Standifird*, 503 F. App'x 623, 625–26 (10th Cir. 2012) (unpublished) (requiring a COA to appeal the denial of a Rule 59(e) motion alleging that the district court "misunderstood the facts or his arguments"); *cf. Farrow v. Colorado*, No. 25-1022, 2025 WL 2396662,

---

[3] We cite unpublished decisions for their persuasive value only and do not treat them as binding precedent. 10th Cir. R. 32.1(A).

at *2–3 (10th Cir. Aug. 19, 2025) (unpublished) (denying a COA as unnecessary to appeal from the denial of a Rule 59(e) motion "asking the district court to reconsider extending or reopening the appeal window"); *United States v. McIntosh*, 723 F. App'x 613, 616 (10th Cir. 2018) (unpublished) (denying a COA as unnecessary to appeal from the denial of a Rule 59(e) motion seeking "reconsideration of the district court's determination that [a] Rule 60(b) motion was untimely").

Mr. Medina's second Rule 59(e) motion effectively challenged the resolution of his § 2254 petition on the merits. Although the second Rule 59(e) motion was aimed at the court's resolution of the first, the sum of Mr. Medina's argument asked the court to amend its resolution of his § 2254 petition on the merits because it had misunderstood the arguments therein. A COA is therefore required for appellate review. Because the district court denied Mr. Medina's motion on a procedural ground as untimely, Mr. Medina may obtain a COA only by showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Medina fails to make the required showing. Motions to alter or amend the judgment under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). This deadline "is short . . . with no possibility of an extension." *Banister v. Davis*, 590 U.S. 504, 507–08 (2020); *see* Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline). Mr. Medina filed his second Rule 59(e)

motion no earlier than September 23, 2025[4]—more than three months after the district

court entered judgment on June 10, 2025.

Yet Mr. Medina does not dispute the district court's procedural ruling on appeal.

Rather, he disputes only the district court's disposition of the merits of his § 2254 petition

and his first Rule 59(e) motion. Specifically, he argues "[t]here was an offer for [a] 10-

year plea that [he] was not advised about" and that the attorney general and the district

court either "lied or . . . didn't even take a few minutes to read [his] claim." Appellant's

Br. at 2–3. Accordingly, Mr. Medina has failed to show that reasonable jurists could

debate the district court's ruling that his second Rule 59(e) motion was untimely.[5]

---

[4] Mr. Medina dated his second Rule 59(e) motion September 23, 2025. Although the motion is marked filed on September 29, 2025, Mr. Medina is entitled to the prison mailbox rule, which provides that "a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing." *Hall v. Scott*, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002).

[5] Mr. Medina's arguments would fare no better if we were to construe his untimely Rule 59(e) motion as one brought under Rule 60(b). *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (noting that a district court may properly construe an untimely Rule 59(e) motion as one brought under Rule 60(b)). Because Mr. Medina's motion effectively "asserts or reasserts a federal basis for relief from [his] underlying conviction," Mr. Medina's motion would be construed as an unauthorized second or successive habeas petition over which the district court lacked jurisdiction. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) ("[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."); 28 U.S.C. § 2244(b)(3)(A) (requiring authorization from the appropriate court of appeals before a district court may consider a second or successive habeas application); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").
And although we have discretion to treat an appellate brief as a request for authorization to file a second or successive habeas petition, *see United States v. Williams*,

### III.    CONCLUSION

For the foregoing reasons, we DENY Mr. Medina's request for a COA as to the district court's denial of his second Rule 59(e) motion. We GRANT Mr. Medina's motion to proceed on appeal without prepayment of costs and fees. This matter is DISMISSED.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

790 F.3d 1059, 1077 (10th Cir. 2015), Mr. Medina does not "rel[y] on a new rule of constitutional law" or previously unavailable evidence as required for such authorization. *See* 28 U.S.C. § 2244(b)(2).